IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tamara Moss,<br>2678 Sheridan Road SE<br>Washington, DC 20020<br>          Plaintiff,<br><br>     vs.<br><br>Equifax Information Services, LLC,<br>c/o CSC Lawyers Incorporating Service Co.<br>601 Abbot Road, East Lansing, MI 48823,<br><br>Trans Union, LLC,<br>c/o The Prentice-Hall Corporation System<br>601 Abbot Road, East Lansing, MI 48823,<br><br>Synchrony Bank,<br>c/o CT Corporation System<br>4400 Easton Commons Way SU<br>Columbus, OH 43219,<br><br>Toyota Motor Credit Corporation,<br>c/o The Corporation Company<br>40600 Ann Arbor Rd E Ste 201,<br>Plymouth, MI 48170,<br><br>Wells Fargo Bank, N.A.,<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215,<br><br>Bank of America, N.A.,<br>Legal Processing Department<br>5701 Horatio St., Utica, NY 13502,<br><br>Navy Federal Credit Union,<br>c/o Corporation Service Company<br>100 Shockoe Slip, 2nd Floor,<br>Richmond, VA 23219, and<br><br>Barclays Bank Delaware,<br>125 S. West St, Wilmington, DE 19801<br><br>          Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, TAMARA ROSS, BY AND THROUGH COUNSEL, Kimm Massey, Esq. of Massey Law Group, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Washington, D.C.

4. Venue is proper in the District of Columbia.

## PARTIES

5. Plaintiff is a natural person residing in Washington, D.C.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in Washington, D.C.;

    b. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in Washington, D.C.;

    c. Synchrony Bank ("Synchrony") is a foreign corporation that conducts business in Washington, D.C.;

d.   Toyota Motor Credit Corporation ("Toyota") is a foreign corporation that conducts business in Washington, D.C.;

e.   Wells Fargo Bank, N.A. ("Wells Fargo") is a foreign corporation that conducts business in Washington, D.C.;

f.   Bank of America, N.A. ("Bank of America") is a foreign corporation that conducts business in Washington, D.C.;

g.   Navy Federal Credit Union ("Navy Federal") is a foreign corporation that conducts business in Washington, D.C.; and

h.   Barclays Bank Delaware ("Barclays") is a foreign corporation that conducts business in Washington, D.C.

## GENERAL ALLEGATIONS

7.   Synchrony, Toyota, Bank of America, Wells Fargo, Navy Federal and Barclays (collectively "Furnishers") are inaccurately reporting their trade lines ("Errant Trade Lines") on Plaintiff's credit disclosures.

8.   Specifically, Synchrony and Toyota are inaccurately reporting their Errant Trade Lines on Plaintiff's Equifax disclosure without the notation of bankruptcy discharge.

9.   Synchrony, Bank of America, Wells Fargo, Toyota, Navy Federal and Barclays are inaccurately reporting their Errant Trade Lines on Plaintiff's Trans Union credit disclosure without the notation of bankruptcy discharge.

10. The accounts reflected by the Errant Trade Lines were discharged in Plaintiff's Chapter 7 Bankruptcy.

11. The Errant Trade Lines should be reported by the Furnishers as closed and with a notation of bankruptcy discharge.

12. On April 8, 2016, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Columbia.

13. On July 12, 2016, Plaintiff received an Order of Discharge from the Bankruptcy Court.

14. On March 12, 2018, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Trade Lines inaccurately reporting without the notation of bankruptcy discharge.

15. On March 13, 2018, Plaintiff obtained her Trans Union credit disclosure and noticed the Errant Trade Lines inaccurately reporting without the notation of bankruptcy discharge.

16. Without this notation, any creditor reading her credit report would be misled to believe that these accounts are still open and active when in fact, their closed and no longer the Plaintiff's obligation.

17. On or about May 11, 2018, Plaintiff submitted a letter to Equifax and Trans Union disputing the Errant Trade Lines.

18. In her dispute letters, she explained that the accounts reflected by the Errant Trade Lines were discharged in bankruptcy and attached the Order of Discharge.

19. She asked Equifax and Trans Union to report the Errant Trade Lines with the notation of bankruptcy discharge.

20. Upon information and belief, Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.

21. On or about May 18, 2018, Plaintiff received Trans Union's investigation results which showed that Trans Union and the Furnishers failed or refused to report the Errant Trade Lines with the notation of bankruptcy discharge.

22. On or about June 12, 2018, Plaintiff received Equifax's investigation results which showed that Equifax and the Furnishers failed or refused to report the Errant Trade Lines with the notation of bankruptcy discharge.

23. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the notation of bankruptcy discharge on the Errant Trade Lines, Synchrony negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

26. Synchrony negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to report the notation of bankruptcy discharge on the Errant Trade Lines.

27. The Errant Trade Lines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such trade lines.

28. As a direct and proximate cause of Synchrony's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Synchrony is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

30. Plaintiff has a private right of action to assert claims against Synchrony arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Synchrony for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Synchrony willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to report the notation of bankruptcy discharge on the Errant Trade Lines.

33. Synchrony willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

34. As a direct and proximate cause of Synchrony's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

35. Synchrony is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TOYOTA

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the notation of bankruptcy discharge on the Errant Trade Line, Toyota negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

38. Toyota negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to report the notation of bankruptcy discharge on the Errant Trade Line.

39. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such trade line.

40. As a direct and proximate cause of Toyota's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

41. Toyota is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

42. Plaintiff has a private right of action to assert claims against Toyota arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Toyota for damages, costs, interest, and attorneys' fees.

## <u>COUNT IV</u>

### **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TOYOTA**

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Toyota willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to report the notation of bankruptcy discharge on the Errant Trade Line.

45. Toyota willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

46. As a direct and proximate cause of Toyota's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

47. Toyota is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Toyota for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by Trans Union of Plaintiff's consumer dispute of the notation of bankruptcy discharge on the Errant Trade Lines, Wells Fargo negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

50. Wells Fargo negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Lines.

51. The Errant Trade Lines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such trade line.

52. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

53. Wells Fargo is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

54. Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Lines.

57. Wells Fargo willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

58. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

59. Wells Fargo is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. After being informed by Trans Union of Plaintiff's consumer dispute of the notation of bankruptcy discharge on the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

62. Bank of America negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Line.

63. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such trade line.

64. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

65. Bank of America is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

66. Plaintiff has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.


## COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA**

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Line.

69. Bank of America willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

70. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

71. Bank of America is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL

72. Plaintiff realleges the above paragraphs as if recited verbatim.

73. After being informed by Trans Union of Plaintiff's consumer dispute of the notation of bankruptcy discharge on the Errant Trade Lines, Navy Federal negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

74. Navy Federal negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Lines.

75. The Errant Trade Lines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such trade lines.

76. As a direct and proximate cause of Navy Federal's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

77. Navy Federal is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

78. Plaintiff has a private right of action to assert claims against Navy Federal arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Navy Federal for damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL

79. Plaintiff realleges the above paragraphs as if recited verbatim.

80. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Navy Federal willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Lines.

81. Navy Federal willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

82. As a direct and proximate cause of Navy Federal's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

83. Navy Federal is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Navy Federal for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

84. Plaintiff realleges the above paragraphs as if recited verbatim.

85. After being informed by Trans Union of Plaintiff's consumer dispute of the notation of bankruptcy discharge on the Errant Trade Line, Barclays negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

86. Barclays negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Line.

87. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such trade line.

88. As a direct and proximate cause of Barclays's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

89. Barclays is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

90. Plaintiff has a private right of action to assert claims against Barclays arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Barclays for damages, costs, interest, and attorneys' fees.

## <u>COUNT XII</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS**

91. Plaintiff realleges the above paragraphs as if recited verbatim.

92. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the notation of bankruptcy discharge on the Errant Trade Line.

93. Barclays willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

94. As a direct and proximate cause of Barclays's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

95. Barclays is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT XIII</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EQUIFAX**

96. Plaintiff realleges the above paragraphs as if recited verbatim.

97. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

98. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

99. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

100.    After receiving Plaintiff consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

101.    As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

102.    Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.


## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EQUIFAX

103.    Plaintiff realleges the above paragraphs as if recited verbatim.

104.    Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

105.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

106.     Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

107.      After receiving Plaintiff consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

108.     As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

109.     Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>COUNT XV</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

110.     Plaintiff realleges the above paragraphs as if recited verbatim.

111.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

112.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

113.     Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

114.      After receiving Plaintiff consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

115.     As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

116.     Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.


## COUNT XVI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

117.     Plaintiff realleges the above paragraphs as if recited verbatim.

118.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

119.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

120.     Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

121.      After receiving Plaintiff consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

122.     As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

123.     Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 24, 2018

By: _____/s/ Kimm Massey_____
Kimm Massey (Bar No. 442710)
Massey Law Group
16701 Melford Blvd., Suite 400
Bowie, Maryland 20715
(301) 982-4529 (Phone)
(301) 982-4530 (Fax)
masseylawgroup@gmail.com

*Attorney for Plaintiff Tamara Moss*